[Crim. No. 99. Second Appellate District.—September 8, 1908.]

## THE PEOPLE, Respondent, v. FRANK A. CARLSON, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—EVIDENCE—MANIPULATION OF BANK DEPOSIT SLIPS AND PASSBOOK ENTRIES BY TRUSTED EMPLOYEE.— When it appears that the embezzlement charged was effected by the defendant while acting as assistant cashier of a newspaper by the manipulation of bank deposit slips and passbook entries, such deposit slips and passbook entries were admissible in evidence, in connection with other evidence, to show that defendant had in his possession money for deposit which he failed to deposit in full, and to

show the manner employed by the defendant in the perpetration **of** the crime.

ID.—ADMISSIONS AND CONFESSIONS OF DEFENDANT.—There being ample proof of an embezzlement committed by some employee, the voluntary admissions and confessions of the defendant were properly received·in evidence against him.

ID.—ENTRY IN BANKBOOK—PROPER QUESTION BY COURT.—When the bankbook was offered in evidence showing the entry made therein involved in the case, the court properly asked whether, when the employer or his employees took the money to the bank, any of them made an entry in the book. The question did not involve any assumption that the money in question had been delivered to the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Charles M. Ackerman, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendant was accused by information of embezzling a sum of money from William Randolph Hearst. The jury returned a verdict of guilty.   From the judgment pronounced thereon and from an order denying a motion for a new trial defendant appeals.

The first point presented is that the court in propounding a question to a witness assumed a fact in dispute, which being an infringement of the jury's province, prejudiced defendant.   Defendant effected the embezzlement while assistant cashier of a newspaper owned by Hearst, through the manipulation of certain deposit slips and passbook entries.   It was a part of his duty to make deposits in bank of the moneys belonging to Hearst and to make out in duplicate deposit slips showing the items and amounts of the daily deposits; one of these slips for delivery to the cashier of the newspaper, the other to present to the bank in connection with the money for deposit.   Defendant accordingly made out exhibit "A," showing a deposit of $2,037.19, and the items entering therein,

which he gave to his superior as evidence of that day's deposit. He, however, when making the deposit at the bank, substituted another slip which showed only $1,537.19, and this latter amount only he deposited; but defendant, in his own handwriting, entered in the passbook an amount corresponding with the slip left with the cashier of the newspaper. The question asked by the court was in connection with previous evidence in relation to such entry in the bankbook, and was: "I want to know when you took, or your employees took, that money to the bank to deposit, any of you people made the entry in the book." There was no objection urged to the question, and we are unable to discern its objectionable character. The question did not involve any statement or assumption that the money in question had been delivered to defendant. These deposit slips, in defendant's handwriting, and a leaf from the passbook with the entry thereon above specified, in defendant's handwriting, were admitted in evidence, and, in our opinion, were competent in connection with other evidence tending to show that defendant actually had in his possession the property of Hearst the larger amount specified for deposit, and as tending to show the manner employed by defendant in the perpetration of the crime. There was ample evidence properly received showing that a crime had been committed by someone, and, therefore, the admissions and confessions of defendant, made voluntarily, were properly received in evidence; and, altogether, the record discloses with unusual clearness the fact of defendant's guilt as charged.

There is nothing in the record to prejudice defendant, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.